IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JARRELL DUNCAN SOUTHALL,

           Plaintiff,

    v.

PRAIRIE QUEST, INC., dba PRAIRIE
QUEST CONSULTING, an Indiana corporation,

           Defendant.

No. 3:15-cv-02222-HZ

OPINION & ORDER

David H. Griggs
Griggs Law Group, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005

    Attorneys for Plaintiff

Douglas S. Parker
Adam E. Brauner
Littler Mendelson, P.C.
121 SW Morrison Ave., Ste. 900
Portland, OR 97204

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Jarrell Duncan Southall brings this discrimination claim against Defendant Prairie Quest, Inc. Plaintiff alleges Defendant violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (2015) ("ADA") by failing to accommodate his disabilities and creating a hostile work environment. Defendant contends that Plaintiff failed to timely file a charge within the Equal Employment Opportunity Commission's ("EEOC") limitations period, and moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant's motion is granted.

## BACKGROUND

In his Complaint, Plaintiff alleges he is a combat veteran of the United States Army. Compl. at ¶ 8, ECF No. 1. While serving in Iraq, he was exposed to multiple explosive blasts, and as a result, now suffers from traumatic brain injuries. Id. These injuries created complications for Plaintiff which include chronic pain, cognitive difficulties, impaired vision, and post traumatic stress disorder. Id. at ¶ 9. In February of 2012, Plaintiff began working for Defendant as a Recruiting Operations Officer for the Reserve Officer Training Corps program at the University of Portland in Oregon. He sought accommodations at his work, and requested items such as a telephone with larger keys, special lights that reduce glare, and a quieter work area. Id. at ¶ 10. Plaintiff alleges that Defendant provided only the requested phone, and that was over four months after he began work. Id. at ¶ 11. Plaintiff then asserts that his co-workers subjected him to harassment. Id. at ¶ 12. When he complained to management, "he was told he had a poor attitude and work ethic." Id. He did not repeat his request for accommodations with a supervisor until "late March and early April, 2013," shortly before he felt forced to resign on April 7, 2013. Id. at ¶ 13, 15.

Under controlling regulations, the limitations period for Plaintiff to file an administrative charge of discrimination began when he left employment with Defendant on April 7, 2013. Plaintiff did not file his EEOC charge until February 19, 2014, after the expiration of the limitations period. Id. at ¶ 4. He alleges that from December 5 to January 21, 2014, he was fully incapacitated because of an injury he suffered at a new job. Id. at ¶ 16. The EEOC issued Plaintiff a right-to-sue letter on August 31, 2015. Id. at ¶ 5. Plaintiff then filed this action.

## STANDARDS

I.  Motion to Dismiss – Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. Wilson v. Hewlett–Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). In essence, a complaint must "[allow] the court to draw the reasonable inference that the defendant is liable[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. Equitable Tolling

"Both equitable tolling and equitable estoppel can be used to stop a limitations period from continuing to run." Socop-Gonzalez v. INS, 272 F.3d 1176, 1179 (9th Cir. 2001) (en banc). Equitable estoppel focuses on a defendant's misconduct, while equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant. Id. Because equitable tolling focuses on a plaintiff's actions, "[it] does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." Id. at 1186. As a result, courts have been

3 – OPINION & ORDER

"generally unforgiving when a late filing is due to a claimant's failure to exercise due diligence in preserving his legal rights[.]" Scholar v. Pac. Bell, 963 F.2d 264 (9th Cir. 1992) (citing Irwin v. Veterans Admin., 498 U.S. 89, 111 (1990)).

## DISCUSSION

Defendant moves to dismiss because Plaintiff failed to timely file a charge with the EEOC.[1] Plaintiff resigned on April 7, 2013, after concluding that "Defendant was not going to accommodate his disabilities," but did not file a charge with the EEOC until February 19, 2014—318 days after his resignation. Compl. at ¶ 4. In response to Defendant's motion, Plaintiff raises an issue of equitable tolling, namely, that extraordinary circumstances prevented him from timely filing. Pl's. Resp. at 1, 6, ECF No. 8.

A.  Due Diligence

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Socop-Gonzalez, 272 F.3d at 1193. Failure to exercise due diligence may be fatal to a claim of equitable tolling, as the doctrine "[does] not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 111. In Socop-Gonzalez, the court applied equitable tolling in favor of a petitioner who was attempting to reopen his immigration case after a series of misinformed filings. Id. at 1183–84. An officer within the Immigration and Naturalization Service gave the petitioner incorrect advice regarding the applicable procedure, causing the petitioner to miss a critical deadline. See id. at 1184 (remarking that the petitioner's inability to discover that his deportation became effective upon his withdrawal of an appeal was "through no fault of his own.").

---

[1] The deadline for filing is 180 days, or 300 days if filing through a state or local agency. 42 U.S.C. § 2000e-5(e)(1). Because Plaintiff failed to file a charge within 300 days, the Court does not need to resolve any dispute as to which time limit should be applied.

4 – OPINION & ORDER

In explaining equitable tolling, the court noted that tolling "applies when the plaintiff is unaware of his cause of action." Id. (internal quotation marks omitted). To invoke the doctrine, the plaintiff must show that despite reasonable diligence, he "could not have discovered essential information bearing on the claim." Id. at 1184–85 (internal quotation marks omitted); see also id. at 1193 ("party invoking tolling need only show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control[.]"). Based on the facts in Socop-Gonzalez, the court there had "no difficulty" in concluding that equitable tolling was appropriate. In fact, in that case, the court explained that the petitioner's deportation order "was triggered precisely because he was diligently pursuing his rights." Id. at 1194. The agency itself gave him incorrect information when he sought the agency's advice.[2] Given that the incorrect information led to the missed deadline for filing a motion to reopen, equitable tolling applied.

In the present case, Plaintiff's Complaint is devoid of any facts that show he exercised due diligence in bringing a cause of action following his resignation. There is a large gap of time—242 days—between his resignation and his "full incapacitation," yet he alleges no facts as to what occurred during this period. Unlike the petitioner in Socop-Gonzalez, Plaintiff here does not allege facts indicating that he was unable to obtain information vital to his claim during the limitations period. He also fails to allege facts suggesting ignorance of the limitations period. As a result, his Complaint raises absolutely no facts supporting an equitable tolling argument.

Instead, Plaintiff relies on Stoll v. Runyon for a different interpretation of equitable tolling. 165 F.3d 1238 (9th Cir. 1999). In Stoll, the Ninth Circuit held that "extraordinary

---

[2] In Socop-Gonzalez, despite the focus on the defendant agency's actions, these actions were mere negligence, not affirmative misconduct, which is the standard for equitable estoppel. Id. at 1184–85 (citing Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir. 1986)). Thus, the court explained that equitable estoppel did not apply and its discussion focused on equitable tolling. See also EEOC v. Willamette Tree Wholesale, Inc., No. CV-09-690-PK, 2011 WL 886402, at *8 (D. Or. Mar. 14, 2011) ("Equitable estoppel of a limitations period applies when a defendant takes action to prevent a plaintiff from timely filing suit, as by misrepresenting or concealing facts necessary to support a discrimination charge.").

5 – OPINION & ORDER

circumstances beyond the plaintiff's control" which make it "impossible to file a claim on time," may support an application of equitable tolling. Id. at 1242. There, the court held that a former employee plaintiff was entitled to equitable tolling because her failure to timely file with the EEOC was due to extreme psychological duress created by the sexual harassment she endured at her work place. Id. at 1244. The court noted how "[t]he effects of the repeated sexual abuse, rape, and assault she experienced left her severely impaired and unable to function in many respects." Id. at 1242. For instance, the "[plaintiff] [was] unable to attend to paperwork concerning the case due to her anxiety disorder, and [could not] open her mail without experiencing a panic attack." Id. at 1240. The plaintiff's psychologist also provided information as to the plaintiff's need for heavy medication for her multiple conditions arising from the harassment. Id. at 1239. The facts in Stoll were so extreme that the court remarked that "if ever equity demanded tolling a statute of limitations, it does so here." Id. at 1242.

      Plaintiff argues that this form of equitable tolling should apply to him because he too alleges facts which constitute extraordinary circumstances. Pl's. Resp. at 6. I disagree. First, the Stoll court focused on the defendants' creation of extraordinary circumstances. Stoll, 165 F.3d at 1242 (stating that equitable tolling applies when a defendant's wrongful conduct prevents a plaintiff from filing on time). Here, Plaintiff makes no equitable argument that Defendant prevented Plaintiff from timely filing with the EEOC. Second, the facts alleged in Plaintiff's Complaint are insufficient to support a holding in his favor. Again, Plaintiff had ample time to bring a claim before his incapacitation. He alleges no facts detailing an inability to function similar to that of the plaintiff in Stoll. See St. Andre v. Henderson, No. C-98-3395 VRW, 2000 WL 1677967, at *2 (N.D. Cal. Nov. 6, 2000) (remarking that "[t]he facts of Stoll were exceedingly compelling," and that the plaintiff there was "completely psychiatrically disabled

6 – OPINION & ORDER

during the relevant limitation period") (internal quotation marks omitted), aff'd, 35 F. App'x 445 (9th Cir. 2002).

    B. Prejudice

"[A]bsence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified[.]" Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). However, "it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." Id. Because Plaintiff is unable to demonstrate due diligence in bringing his claim, the Court does not need to address this factor.

    C. Amendment

In his Response, Plaintiff requests leave to amend. The Court accepts for purposes of this motion that Plaintiff was incapacitated for a short period of time during the 300-day limitations period. However, Plaintiff provides no basis for amendment other than to state he will include "sufficient facts" to raise equitable tolling in an amended pleading. Without any indication of what those facts could be, there is no basis to amend. Consequently, the Court declines to grant Plaintiff's informal request for leave to amend.

//
//
//
//
//
//
//

7 – OPINION & ORDER

## CONCLUSION

Defendant's motion to dismiss [6] is GRANTED.

IT IS SO ORDERED.

Dated this 16 day of April, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

8 – OPINION & ORDER